NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM J. STEEN, PETITIONER, v. DUGAN BROTHERS, INC., RESPONDENT.

Decided October 16, 1940.

For the petitioner, *Martin P. O'Connor.*

For the respondent, *Coult, Satz, Tomlinson & Morse* (by *Edward E. Kuebler*).

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The petitioner alleges that he is totally disabled as the result of an accident which occurred on June 29th, 1938. The accident consisting, according to his testimony, of a fall while getting into a truck and striking his right testicle on the metal handle of a basket. It is to be noted, however, that he has not been at all consistent in describing this accident to various physicians consulted by him. To Dr. Linke who he first consulted he described the accident as a slip and strain of his testicle in so doing. To others he stated that he had squeezed his testicle between his thighs in getting on the truck.

The petitioner was operated on by Dr. Paul Menke at the Newark Memorial Hospital on September 7th, 1938, and the operation revealed he was suffering from a teratoma of the testis in the subgroup of embryonal carcinomas. This physician gave it as his opinion that the trauma in this case did not cause or aggravate the teratoma.

Several outstanding cancer specialists called by the respondent, namely, Dr. Edgar A. Ill, Dr. James Ewing, Dr. Leila Knox and Dr. Francis C. Wood all testified from hypothetical questions that the trauma in this case would not cause, accelerate or light up the teratoma and that the development of the same in this case was normal in all respects.

While Dr. Wuester, testifying on behalf of the petitioner, did say that trauma would aggravate cancer, he further stated that it would not cause an embryonal carcinoma as in this case and seemed rather doubtful if the trauma in this case would have aggravated the teratoma suffered by petitioner.

From a very careful review of all the evidence presented it is my conclusion that petitioner fails to prove that the accident suffered by him either caused or aggravated the testicular tumor, nor can I agree with petitioner's contention that the preliminary treatment given him had any deleterious effect on the same.

There is, however, another feature of this case which seems to have escaped attention. Dr. Linke stated that his provisional diagnosis was traumatic orchitis, although he further stated there was no enlargement of the epididymis, either, the globus major or globus minor. However, after a month

or so of treatment, during which time the condition did not respond to treatment, the doctor became skeptical of this diagnosis and suggested an aspiration biopsy to the petitioner which he refused and left the treatment of the doctor about August 13th, 1938. The petitioner was next examined by Dr. Cacciarelli on August 12th, 1938, who diagnosed the case as tuberculosis of the epididymis, which on cross-examination he stated resulted from the accident. The doctor further testified that the post operative findings corroborated his diagnosis. The petitioner was then submitted to an examination by Dr. Burnet Rothhouse, an urologist, who, testifying for the respondent, stated that he examined the petitioner on August 28th, 1938, and diagnosed the case as traumatic epididymitis which was confirmed by the post operative diagnosis. This witness further testified that he recommended the operation and that the epididymis condition and the tumor of the testicle were separate and distinct and had nothing to do with each other.

From these undisputed facts it would seem to me that it was the injury to the epididymis and not the cancerous condition that necessitated the operation. If it were necessary to operate to cure the epididymis, the fact that cure in any other manner was made impossible by the presence of the tumor would be immaterial in so far as respondent's liability for the resultant loss is concerned. The fact that a cure is impossible in the ordinary way because of the underlying condition does not relieve the respondent of responsibility for the full consequences of the injury, *Gorman* v. *Miner-Edgar Corp.*, 9 *N. J. Mis. R.* 180; 153 *All. Rep.* 271, notwithstanding that because of such underlying condition such consequences are greater than they otherwise would be.

It is further to be noted that Dr. Cacciarelli stated that tests made after the operation showed no metastasis were present. And also it is noted in the record of Newark Memorial Hospital in evidence as P2 (4/24/40) under the heading physical findings, the following "Abdomen—soft, flat. Well healed old McBurney scar. No masses or tenderness. No Murphy's sign." Dr. Wuester in his testimony stated that when he examined the petitioner on December 17th, 1938, he found a mass the size of a lemon in the right lumbar gutter

slightly below the umbilicus and the suggestion of a similar mass deep in the pelvis on the right side and that his diagnosis was post operative embryonal carcinoma of the right testicle with abdominal metastasis. Several medical experts testified that removal of the testis as in this case would cause metastasis and it therefore seems rational to conclude that such occurrence took place in this case.

There was medical testimony on behalf of the petitioner undenied by the respondent that he is now totally and permanently disabled.

I do, therefore, find and determine that the petitioner has sustained personal injuries by accident arising out of and in course of this employment with the respondent on the 29th day of June, 1938.

\* \* \* \* \* \* \*

It is, therefore, ordered, that judgment final be entered in favor of the petitioner and against the respondent.

\* \* \* \* \* \* \*

HARRY H. UMBERGER,
*Deputy Commissioner.*